# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1554V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JOSE A. INOA, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| v. | * | Dated: October 4, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | Reissued for public availability: October 31, 2024 |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jose A. Inoa,* Stormville, NY, *pro se* Petitioner.

*Heather L. Pearlman,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On October 1, 2024, Jose Inoa filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2]. Petitioner alleges various injuries as a result of receiving COVID-19 vaccine on April 13, 2021. ECF No. 1, attachment #1 (Petition); ECF No. 1, attachment #3 at 4 (correspondence referencing vaccination date).[3]

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Pursuant to Vaccine Rule 18(b), this Decision was initially issued on October 4, 2024, and served on the parties. The parties were afforded 14 days to propose redactions but did not submit any. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa—10 through 34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

[3] In the submitted documents, Petitioner included various correspondence to other government agencies, corporations, and individuals alleging harms from the vaccine and violations of law. In this court, the Court of Federal Claims, the only claim being addressed is whether Petitioner is entitled to compensation in the Vaccine Program. All other claims are outside the jurisdiction of this court.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine listed on the Vaccine Injury Table (the "Table"). § 11(c)(1)(A); 42 C.F.R. § 100.3 (Table). Vaccines are added to this Table only after two steps are taken by the Department of Health and Human Services and by Congress. First, compensation in the Program can only be awarded to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Thus, the vaccine at issue must be designated by the Centers for Disease Control as appropriate for children or pregnant women (even if it is also administered to adults). Then, the Secretary of Health and Human Services may promulgate regulations to amend the Vaccine Injury Table to add the new vaccine. § 14(c)(1). Second, Congress must enact an excise tax on each vaccine listed on the Table to provide funds for compensation awarded to successful vaccine claims. A vaccine becomes the basis for a claim in the Vaccine Program on the date the tax is enacted. 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

The COVID-19 vaccine does not yet appear on the Table and is therefore not covered by the Vaccine Program. As a result, at the present time, *no* petitioner can demonstrate that he "received a vaccine set forth in the Vaccine Injury Table" based upon a COVID-19 vaccine. Section 11(c)(1)(A). Accordingly, the petition must be dismissed. *See, e.g.*, *Danberry v. Sec'y of Health & Hum. Servs.*, No. 20-778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (dismissing a claim seeking compensation for injuries incurred after receiving Pneumovax-23 and Shingrix—two vaccines that are not set forth in the Table).[4]

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

                                                                 **s/Brian H. Corcoran**
                                                                 Brian H. Corcoran
                                                                 Chief Special Master

---

[4] Petitioner may review the Court's notice about COVID-19 vaccine claims on its website: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.